UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

JEREMY PINSON,            )
                          )
       Plaintiff,         )
                          )
vs.                       )       Case No.  1:10-cv-01847-SLB-HGD
                          )
WILLIAM ELSTON,           )
                          )
       Defendant.         )

### MEMORANDUM OF OPINION

The magistrate judge filed a report on May 17, 2011, recommending that this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).  The plaintiff filed objections to the report and recommendation on June 7, 2011, combined with a motion for leave to amend the complaint and a proposed amended complaint attached thereto. (Doc. 12.) The plaintiff reiterates his accusation that the defendant called him a "faggot" within earshot of other inmates, (*id*. at 6), and asserts the new allegation that he suffered harassment from other inmates "on a near daily basis for the next 17 months," including being threatened with murder, unwanted sexual proposals, and being assaulted with feces and urine, (*id*. at 7).  With respect to his retaliation claim, he also asserts the new

allegation that the defendant visited his cell and "angrily called [him] a 'snitch' within hearing of 40 inmates housed nearby." (*Id.* at 6.) He now contends that prior to the defendant's "loud declarations" he had not suffered any of these indignities from other inmates and therefore draws the conclusion that his mistreatment was the result of the defendant's statements. (*Id.* at 7.) The plaintiff alleges that he was so "traumatized" by the harassment from other inmates that he attempted suicide on November 7, 2009, and October 19, 2010. (*Id.*)

The plaintiff's objections are without merit. It is well settled that verbal abuse by guards against inmates is not actionable under § 1983. *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Stacey v. Ford*, 554 F. Supp. 8, 9 (N.D. Ga. 1982). Even threats of violence do not, alone, constitute a valid claim. Where threats of violence do not result in physical contact or where threats are not carried out, a § 1983 claim based upon such threats is due to be dismissed, even where such threats are without apparent justification. *Hernandez v. Fla. Dep't of Corrections*, 281 Fed. Appx. 862, 866 (11th Cir. 2008); *Simms v. Reiner*, 419 F. Supp. 468, 474 (N.D. Ill. 1976); *accord Bolden v. Mandel*, 385 F. Supp. 761, 763-64 (D. Md. 1974). Therefore, the plaintiff cannot state a

constitutional claim against the defendant based solely on the fact that the defendant called him a "faggot" and a "snitch."[1]

Even if the defendant's conduct could support a claim under § 1983, the plaintiff has not shown that he suffered any injury as a direct result. "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LeMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993)(quoting *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982))(internal quotations omitted). In other words, the plaintiff must prove that the defendant's acts or omissions were the *proximate cause* of any injuries. *Id*. at 1538-39. In this instance, the plaintiff has failed to assert specific factual allegations which show that the harassment he suffered from other inmates was directly attributable to the statements purportedly made by the defendant, much less that the

---

[1] The plaintiff cites the Eleventh Circuit's decision in *Harmon v. Berry*, 728 F.2d 1407 (11th Cir. 1984), in support of his contention that the defendant's "snitch" comment violated the Eighth Amendment. However, the plaintiff's reliance on the decision in *Harmon* is not well placed. In *Harmon*, the plaintiff alleged that prison officials had deliberately spread rumors that he was a snitch, had specifically told another inmate that the plaintiff had "informed" on the other inmate, and had told fellow inmates that the stiffer disciplinary penalties they were receiving were the result of a lawsuit the plaintiff had filed against prison officials. In a case more in line with the facts alleged here, the Eleventh Circuit has concluded that a prison official merely referring to an inmate as a "snitch" in the presence of other inmates does not rise to the level of a constitutional violation. *Sepulveda v. Burnside*, 170 Fed. Appx. 119, 124 (11th Cir. 2006)(citing *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)).

defendant deliberately intended to cause the harassment or deliberately failed to protect him.[2]

In that same vein, the plaintiff's complaint must be viewed in light of the requirements set forth in the Supreme Court's decisions in *Twombly* and *Iqbal*. Although courts are required to construe *pro se* complaints liberally, the complaint must nevertheless allege facts from which the inference of a constitutional violation is "plausible," not merely speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 570); *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). To speculate about the possibility of a claim not only fails to comport with Rule 8(a) pleading standards, but also would prematurely vitiate the defendant's qualified immunity, an immunity that protects the defendant from the burden of even responding to the plaintiff's complaint. By

---

[2] In other words, even if the plaintiff had shown that the harassment he suffered was directly caused by the defendant's statements, he still has failed to show that the defendant acted with subjective deliberate indifference, a necessary element of a constitutional claim. "Deliberate indifference describes a state of mind more blameworthy than negligence" and ordinary lack of due care for a prisoner's interest or safety will not support an Eighth Amendment claim. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Prison officials cannot be liable under the Eighth Amendment unless they know of and disregard an excessive or substantial risk to inmate health or safety. *Id*. at 837. In this case, the plaintiff presents no specific facts which show that the defendant acted with conscious and deliberate indifference to his safety.

presenting nothing more than the bare contention that he had suffered harassment only after the defendant's "loud declarations," the plaintiff asks this court to engage in speculation as to the cause of the harassment. Without more, the plaintiff has simply failed to set forth facts which plausibly show that he suffered mistreatment from other inmates solely because of two comments allegedly made by the defendant.[3]

In his proposed amended complaint, the plaintiff also submits the new allegation that the defendant entered his cell on September 19, 2009, and destroyed property worth over $200. (Doc. 12 at 7.) However, a federal prisoner cannot maintain a due process claim against an officer for intentional deprivation of property "due to the availability of a tort action under the [Federal Tort Claims Act]." *Muhammad v. Finley*, 74 Fed. Appx. 847, 849 (10th Cir. 2003)(citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

---

[3] The plausibility of the plaintiff's complaint in this action is further weakened by the plaintiff's previously filed lawsuits in which he complained of threats and harassment occurring prior to the dates he alleges the defendant called him a "faggot" and "snitch." For example, in the sworn complaint filed in *Pinson v. Reese*, Case No. 1:09-cv-01855-VEH-HGD, the plaintiff cited a "hostage situation and altercation" which occurred between plaintiff and a cellmate on September 10, 2009, five days prior to the September 15, 2009, date he alleges the defendant called him a "faggot." (1:09-cv-01855-VEH-HGD doc. 1 at 2.) Additionally, in *Pinson v. Lappin*, *et al.*, Case No. 1:09-cv-02001-CLS-HGD, the plaintiff filed a sworn complaint in which he alleged that a cellmate exposed his penis to him and demanded oral sex on August 9, 2009, and that the cellmate had "threatened [him] on a daily basis with death." (1:09-cv-02001-CLS-HGD doc. 1 at 4.) The complaint in *Lappin* was signed by the plaintiff on August 13, 2009, more than a month prior to any of the actions alleged to have been taken by the defendant in this case. It seems clear therefore that the contradictory statements in the plaintiff's prior sworn pleadings can constitute additional grounds for dismissal of this action. *Cf. Battle v. Cent. State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990).

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the objections thereto, and the plaintiff's proposed amended complaint, the court is of the opinion that the magistrate judge's report is due to be ADOPTED and the recommendation is **ACCEPTED**. This action is therefore due to be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). A Final Judgment will be entered contemporaneously herewith.

The plaintiff's motion for leave to amend the complaint, (doc. 12 at 4), is **DENIED**.

**DONE**, this 6th day of January, 2012.

*Sharon Lovelace Blackburn*
_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE